IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

PLUMBERS & STEAMFITTERS LOCAL 565, et al.,

        Plaintiffs,

v.                                       CIVIL ACTION NO.  6:06-cv-00145

AMERICAN GENERAL CONTRACTORS, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On August 10, 2006, the clerk of the court entered a default, consistent with *Fed. R. Civ. P.* 55(a) against the defendants American General Contractors, LLC and Jay Renner. On January 16, 2007 the plaintiffs filed a Motion for Default Judgment [Docket 9] and an affidavit in support of that motion. The motion and affidavit indicate the amount of relief requested and state that the defendant is neither an infant, an incompetent, nor a member of the United States Military. The plaintiffs submitted a Supplemental Motion for Entry of Default Judgment [Docket 12] and affidavit after this court's entry of a scheduling order on August 30, 2007. For the reasons below, the court **GRANTS** the plaintiffs' Motion for Default Judgment, and enters judgment in favor of the plaintiffs against the defendants in the amount of $10,246.84.

**I.**    **Background**

On February 27, 2006, Plumbers & Steamfitters Local 506 and West Virginia Pipe Trades Health and Welfare Fund filed suit against American General Contractors, LLC and Jay Renner, individually and as the Agent and President of American General Contractors, LLC, under Sections

185, 502 and 515 of the Employee Retirement Income Security Act ("ERISA") (codified at 29 U.S.C. §§ 1132 and 1145), and under Sections 301(a) of the Labor Management Relations Act (29 U.S.C. § 185). The plaintiffs allege that the defendant American General Contractors, LLC, failed to pay fringe benefit contributions which are required under 29 U.S.C. § 1145 and under the collective bargaining agreement (CBA) between the parties. (Compl. at ¶¶ 6, 9, 13). The plaintiffs allege that the CBA required that the defendants to contribute fringe benefit contributions on behalf of all employees in the bargaining unit covered by the CBA for the period of June 2005 to October 2005. (Compl. at ¶¶ 6-13)

The plaintiffs served the defendant American General Contractors, LLC, on March 20, 2006 [Docket 4]. The defendant Jay Renner waived service on April 3, 2006 [Docket 5]. After service of the Complaint, the defendants have neither appeared nor offered any defense to the action. The plaintiffs filed a Motion for Entry of Default on July 5, 2006 [Docket 6], and the clerk entered Default on August 10, 2006.

**II.     Analysis**

Rule 55(b)(1) provides that "[w]hen the plaintiff's claim against a defendant is for a sum certain . . . the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or an incompetent person." *Fed. R. Civ. P.* 55(b)(1). If the sum is not certain, or where there is evidence to suggest that the defendant was incompetent or an infant, the court must determine the amount of default. *Fed. R. Civ. P.* 55(b)(2).

In an ERISA action for unpaid contributions in which the court awards judgment for the plan, the court *shall* award the plan:

>    (A) the unpaid contributions,
>    (B) interest on the unpaid contributions,
>    (C) an amount equal to the greater of--
>        (i) interest on the unpaid contributions, or
>        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>    (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2)(A-E) (2006 Supp.).

The plaintiffs have requested precisely these remedies, and have provided factual support for each category of damages, thereby rendering the sums calculable. The plaintiffs have provided proof in the form of invoices which indicate that the defendants have failed to make CBA contributions in the amount of $5061.78. The court therefore **ORDERS** and **ADJUDGES** that the defendants are liable to the plaintiffs the amount of $5061.78 for unpaid contributions from June 2005 to November 2005 pursuant to 29 U.S.C. § 1132(g)(2)(A).

The plaintiffs also request interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B). The agreement provides for interest in the amount of one percent "per month, of the total amount due," or twelve percent simple interest per annum. Twenty-two months have passed since the date the contributions were due, resulting in an interest amount of $1113.59. The court therefore **ORDERS** and **ADJUDGES** that the defendants are liable to the plaintiffs the amount of $1113.59 for interest on the unpaid contributions from June 2005 to November 2005.

Section 1132(g)(2)(C) also directs that the court "shall award to the plan . . . an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A)[.]" The Delinquent Employer Procedure provides liquidated damages in the

amount of ten percent for late or unpaid contributions, or an amount of $506.18. The interest calculation indicated above, however, would result in an imposition of additional liquidated damages of twelve percent interest per annum on the unpaid contributions, or another $1113.59. Because the interest applied pursuant to the plan exceeds the liquidated damages provided in the plan, the court **ORDERS** and **ADJUDGES** that the defendants are liable to the plaintiffs the amount of $1113.59 pursuant to 29 U.S.C. § 1132(g)(2)(C)(i).

The same statute also directs that the court "shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." The plaintiffs have submitted an affidavit indicating that the plaintiffs have incurred $2957.68 in attorneys fees and costs. The court FINDS that this amount for attorneys fees is reasonable and **ORDERS** and **ADJUDGES** that the defendants are liable to the plaintiffs the amount of $2957.68 in attorneys fees and costs. The court does not deem other legal and equitable relief to be appropriate in this case.

### III.     Conclusion

In accordance with *Fed. R. Civ. P.* 55(b)(1), the court **DIRECTS** the clerk to **ENTER** default judgment in favor of the plaintiffs against the defendants American General Contractors, LLC and Jay Renner for the sum of $10,246.84, plus post-judgment interest at the rate imposed by statute until the judgment is paid.

The court **DIRECTS** the Clerk to send a copy of this written order to counsel of record and any unrepresented party.

ENTER: September 20, 2007

Joseph R. Goodwin, Chief Judge